# 911-15

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Petition for

Discretionary Review

Morris Landon Johnson II

PD-0911-15

ORAL ARGUMENT NOT REQUESTED

FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

Motion for Rehearing not Filed

Identity of Parties

Morris Landon II Appellant/Petitioner

2661 FM 2054

Tennessee Colony, Texas 76408

Appellate Counsel

Richard L. Mattox

State Bar No. 09233200

201 E. Bridge Street

Granbury, Texas 76048

Trial Counsel/Defense

Angie Hadley

State Bar No. 24050705

600 S. Texas Street

DeLeon, Texas 76444

Appellee/State of Texas

Trial Court

Robert Christian

State Bar No. 004798106

1200 W. Pearl Street

Granbury, Texas 76408

# Table of Contents

Cover

Identity of Parties

Table of Contents

Table of Cases/Index of Authorities

Statement of the Case

Procedural History

Argument/Question 1

Argument/Question 2

Summary of the Argument

Certificate of Service

# Table of Cases

State

Carroll v State 916 Sw2d p. 494 (Tx.crim.app 1996)

Coleman v State 915 Sw2d p80 (Tx. App-Waco 1996 pdr gntd

Coleman v State 966 SW2D p. 525 (Tx. Crim.app 1998)

Ex Parte Shumake 953 Sw2d p. 942 (Tx.app-Austin 1997)

High v State 573 Sw2d p. 807, 812 (Tx.crim.app 1978)

Jeffery v State 903 Sw2d p. 776 (Tx.app-Dallas 1995) remanded

Mitten v State 79 Sw3d p. 751 (Tx.app-Corpus Christi 2002)

Mitten v State 145 Sw3d p. 225 (Tx.crim.app.app) on remand

Mitten v State 225 Sw3d p. 693 (Tx.crim.ap) rr

Polask v State 16 SW3d p.83 (Tx.app-Houston 1 Dist 2000)

Pena v State 932 Sw2d p. 31 (Tx.app-El Passo 1997)

Ramirez v State 802 Sw2d p. 674 (Tx.crim.app1993)

Virte v State 739 Sw2d p. 25, 35 (Tx.Cr.app 1987)


Supreme Court

Alford v United States 51 S ct p. 1218 (1931)

Anders v State 386 US 734 (1967)

Chambers v Mississippi 93 S ct p. 1308 (1973)

Evitts v Lucy 105 S ct p. 930 (1985)

McCoy v Court of Appeals 108 S ct p. 1895 (1988)

Pointer v Texas 85 s ct p. 1065 (1988)

Smith v Illinois 88s ct p. 748 (1962)

Washington v Texas 87 s ct p. 1920 (1967)

## Statement of the Case

This case involved a conviction for delivery of a controlled substance. The transaction was set up by a confidential informant (CI) and a detective. A pre-trial suppression hearing focused on texting information was denied. The jury found the defendant guilty and sentence was placed at forty years.

At the close of trial, the district clerk handed to trial counsel prepared subpoenas of Camon Buchannon that was never served. No prior notice of this failure was provided. (see Appellate record of Angie Hadley) –Affidavit

## Procedural History

Trial counsel was appointed on 10/13/2013. A jury trial commenced on 9/15/2014. After a finding of guilt, Richard Mattox was appointed as appellate counsel who then filed an Anders Brief and motion to withdraw on 1/7/2015, the same day notifying the defendant by letter of such with instructions how to file a pdr.

The Appellate Court filed pro se a response to the Anders Brief. Late on June 18, 2015 the Second Court of Appeals issued their opinion affirming the decision, and granting the withdraw motion. This PDR follows.

QUESTION FOR REVIEW

WHETHER AN ANDERS BRIEF CAN

STAND ON AN INCOMPLETE RECORD

ARGUMENT

It is well settled that a Defendant is entitled to the effective assistance of counsel on appeal. Evitts v Lucy 108 s ct p. 830 (1987).

The proper standard for evaluating ineffectiveness of counsel on appeal is that set forth in Strickland v Washington 104 s ct p. 2052. See Smith v Robbins s ct p. 746 (2000). To achieve this standard, counsel must play the role of an active advocate rather than a mere friend of the court, assigned in a detached evaluation of his client's claim. Anders v State 386 US 734 (1967).

Counsel in reviewing the record must be "zealous and resolve all doubts that any arguable grounds are wholly frivolous" Pena v State 932 Sw3d p. 31 (tx.app-El Paso 1997) citing McCoy vs Court of Appeals 108 S ct p.1895 (1988). Conclusory statements in the brief are insufficient. High v State 573 Sw2d p. 807, 812 (Tx.cr.app 1978). The Anders Brief provides the appellate courts with a basis for determining whether appointed counsel has fully performed their duty to support their client's appeal to the best of his duty. Ex Patte Shumake 953 Sw2d p. 942 (Tx.app-Austin 1997).

This is a critical determination that must be kept free from unreasonable distinction that can only impede open and equal access to the courts.

This process of the appellate courts involves two questions. First, whether the lawyer really did function as a committed advocate, and two, whether he misjudged the legitimate applicability of any issue. In this review, the court is responsible for assuring that counsel has gone as far as advocacy will take him with the best issues discounted. See Jeffery v State 903 Sw2d p. 776 (Tx.app-Dallas 1995) remanded.

In Jeffery, counsel submitted an Anders brief. The appellate court in it's review discovered that the oral pronouncement of 20 years was not reflected accurately in the judgement of 20 years plus a 1000.00 dollar fine. "If counsel missed such an obvious error, we cannot assure that counsel would have caught other more subtle points of error". Appellant counsel was allowed to withdraw and new counsel was appoint to file a brief.

In the instant case, appellate counsel appears to have missed a subpoena not served, and more importantly that bench conferences were not recorded, particularly on cross. The absence lends to restricted testimony and dial of confrontation.

Trial counsel filed an affidavit as to the actions of the District Clerk not serving the complete subpoena.

Discretionary review should be granted on the grounds of an incomplete record, and on appellate counsel's failure to act in good faith, in light of existing facts.

Questions Two

## WHETHER THE COA DECISION CAN STAND ON AN INCOMPLETE RECORD

An accused has a right of compulsory process for obtaining witnesses on his behalf. US Constitution VI, Texas Constitution Art 1 10. The Texas Constitution offers more protection in a criminal case.

Trial counsel filed a written, sworn application that identified a witness and that his testimony would be material and relevant at sentencing.

Issuance of a subpoena is a matter of right on written, sworn application, identifying the witness and indicating that their testimony is material to state or defense. See Mitten v State 79 Sw3d (Tx.app-Corpus Christi 2002) pdr gntd rvds 145 Sw3d p. 225, (Tex.crim.app, on remand 225 Sw3d p. 693 citing Colman v State 915 Sw2d p. 80 (Tx.app-Waco 1996) pdr gntd.

Colman was reversed and granted a new trial. See 966 Sw2d p. 525 (Tx.crim.app 1998 En. Banc. If a state arbitrarily denies a criminal defendant the right to have a person to testify who was physically and mentally capable to testify to evidence that he had personally observed and would have given evidence which would have been relevant and material to defense, then his constitution rights are violated.

Such was the holding in Washington v Texas 87 S ct p. 1920 (1967). This right is not absolute, as the witness testimony must both be relevant, material and favorable. See United States v Valenzuela-Bernal 102 S ct p. 3440 (1983).

The court reported failed to record four bench conferences requested by the state (RR vol 4 p. 65, 90, 91, 126, 127. The state requested such on the cross by the defense of the CI.

The right to confront witnesses is guaranteed US Const Amend v. as held in Pointer v Texas 85 S ct p.1065 (1988). This right ensures fairness to any matter that could reflect a witness's credibility. Virte v State 7.39 Sw2d p. 25, 35 (Tex.cr.app 1987).

There are limitations to this right. See Chambers v Mississippi 921 S ct p. 1038 (1973). In cross examination, the trial judge determines to safeguard the witness from; harassment, prejudice, confusion of the issues, and repetition or marginal relevant interrogation (see Smith v Illinois 85 S ct p.748 1962).

This instant case involved a criminal informant. (CI) also as distinguished in the holding of Carrol v State 916 Sw2d p. 494 (Tex.cr.app 1996). The trial counsel was questioning both the detective and the CI as to in part agreements, such was evaded by the witness.

The State during such facts opened the door at their opening statements to which the details that the defense counsel was forced to abandoned. When a witness leaves a false impression, the opposing party is allowed to correct that false information see Ramirez v State 802 Sw2d p. 674 (Tex.crim.app 1998)

Where a CI is part of a criminal case the motive of bias exists, and defense much be allowed, as an unqualified right to determine any coercion, or immunity, such concern is relevant. See Alford v United States 51 s ct p.1218 (1931).

The request to record all proceedings pursuant to T.R.A.P. 113.1 has been found to be in conflict with Tex.Govt Code 52.046 (a) see Polasek v State 16 Sw3d p. 82 (Tex.app-Houston [1 dist} 2000). The dissenting opinion focused on the plain meaning of the rule "upon request, shall".

In the appellants case a review of the record is needed to determine if such rule was followed. This request is based on on in part the bad faith of appellate counsel.


## SUMMARY OF THE ARGUMENT

The PDR should be granted because the filing of an Ander's Brief was impeded the appellant to fully develop the record, as is his ability to establish the violation of the right to compel witnesses in his favor. The COA decision ought not to stand on procedural errors effecting the constitutional right of the Petitioner.

Prayer

Therefore it is the Prayer of the Petitioner, Pro Se, grant review of the Appellate Courts decision in this case and provide all judicial relief applicable to petitioner.

Sincerely

Morris Landon Johnson II

TDC# 1877943

Coffield Unit

2661 FM 2054

Tennessee Colony, Texas 75884

Cause # 12645

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 355th JUDICIAL |
| | § | |
| VS | § | DISTRICT COURT OF |
| | § | |
| MORRIS LANDON JOHNSON | § | HOOD COUNTY, TEXAS |

## AFFIDAVIT OF FACTS

BEFORE ME, the undersigned authority, personally appeared Angie Hadley, who, after being by me duly sworn stated the following under oath:

"My name is Angie Hadley. I am over the age of fourteen (14) years, and I am competent to make this affidavit. The statements contained herein are true and correct.

"On or about October 15, 2013, I was appointed to represent Mr. Morris Landon Johnson for the charge of Manufacture/Delivery of a Controlled Substance more than a gram but less than 4 grams in Hood County, a second degree felony enhanced to a first.

"On September 15, 2014 Mr. Johnson was tried by a jury, found guilty and sentenced to 40 years in TDCJ. However, the sentencing witness that I subpoenaed never showed up for trial; only Mr. Johnson's brother and the brother's girlfriend who I had personally spoken with. (Application for Subpoenas attached as exhibit A)

"After the trial was finished I was handed the subpoenas by the District Clerk. The subpoenas were prepared but never served. I had no prior notice that the subpoenas were not served.

"I believe that if Camon Buchannon (the only sentencing witnesses subpoenaed by the defense) had been served and had testified at the sentencing phase of the trial that the outcome may have been much different. He never testified, however, because the District Clerk never served him with a subpoena.

"I AM SIGNING THIS AFFIDAVIT VOLUNTARILY. I HAVE NOT BEEN COERCED OR THREATENED IN ANY WAY TO SIGN THIS AFFIDAVIT, NOR HAS ANY PROMISE OF ANY NATURE BEEN MADE IN EXCHANGE FOR MY EXECUTION OF THIS AFFIDAVIT."

_____
Angie Hadley

SWORN and SUBSCRIBED before me, the undersigned authority, on this _____9th_____ day of ____March____, 2015.

_____
Notary Public, State of Texas

JIM PARKER
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
08-21-2016



CR-12645

| THE STATE OF TEXAS | § | IN THE 355TH JUDICIAL |
| | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| MORRIS LANDON JOHNSON | § | HOOD COUNTY, TEXAS |

## APPLICATION FOR SUBPOENA

The defendant makes this application for issuance of subpoena to the persons listed below. The testimony of these persons is believed to be material to the defense in the case on trial. The witness needs to appear September 16, 2014 at 9:00 am for trial.

1. Scott Johnson (brother)
   1415 Private Road 702
   Stephenville, TX 76401
   254-592-4679

2. Patti Nisbit
   1415 Private Road 702
   Stephenville, TX 76401

3. Camon Buchannon
   1301 Shawnee Trail
   Granbury, TX 76048
   817-501-7405

Angie Hadley
State Bar #: 24050705
PO Box 336
De Leon, TX 76444
Phone: 254-893-7778
Fax: 254-893-7779
ahadley@cctc.net

Angie Hadley, Attorney at Law

September 11, 2014
Date

Exhibit A



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00411-CR

MORRIS LANDON JOHNSON, II                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12645

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Morris Landon Johnson, II guilty of delivery of one gram or more but less than four grams of methamphetamine; Johnson pleaded true to an enhancement allegation and the jury assessed his punishment at forty years' confinement and a $5,000 fine. The trial court sentenced him accordingly.

---

[1]See Tex. R. App. P. 47.4.

*See* Tex. Health & Safety Code Ann. § 481.112(a), (c) (West 2010); Tex. Penal Code Ann. § 12.42(b) (West Supp. 2014). Johnson timely perfected this appeal.

Johnson's appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are, in counsel's assessment, no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Johnson of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Johnson's review of the appellate record by providing him with a copy of the clerk's record and the reporter's record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Johnson filed a pro se response to counsel's *Anders* brief raising five points, many of which are unpreserved for our review. *See* Tex. R. App. P. 33.1.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

2

We have carefully reviewed the record, counsel's brief, and Johnson's pro se response. We agree with counsel that this appeal is wholly frivolous and without merit; we find no preserved error in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 18, 2015

3